## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| ANDREW H. MARSHALL, | ) |
| | ) |
| Petitioner, | ) |
| | ) Docket no. 1:16-cv-295-GZS |
| v. | )              2:02-cr-128-GZS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

### ORDER GRANTING MOTION FOR RELIEF UNDER 28 U.S.C. § 2255

Before the Court is Petitioner Andrew Marshall's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 13 in 2:02-cr-128-GZS). For reasons briefly explained herein, the Motion is GRANTED.

On April 25, 2003, the Court sentenced Andrew Marshall to 144 months incarceration on Count One (felon in possession) and 144 months concurrent on Count Three (prohibited person in possession). (Judgment (ECF No. 11)). This sentence reflected the Court's determination that Marshall was subject to sentencing under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). Specifically, the Court relied on the following prior felony convictions in sentencing Marshall under ACCA: (1) a 1987 Maine Burglary conviction (PSR ¶ 21); (2) a separate 1987 Maine Burglary conviction (PSR ¶ 23); (3) a two-count 1991 Maine Aggravated Assault conviction (PSR ¶ 27); and (4) a 1990 Maine Escape conviction (PSR ¶ 28). Following the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), Marshall now argues that he no longer has the three requisite convictions for the fifteen year mandatory minimum sentence under ACCA. See also Welch v. United States, 136 S. Ct. 1257, 1265 (2016). Rather,

he argues that his Maine Escape conviction and his Maine Aggravated Assault conviction are no longer ACCA-qualifying convictions.

Notably, the Government agrees that Marshall's "conviction for escape no longer qualifies as an ACCA predicate" following Johnson. (Gov't Response (ECF No. 20) at 6.) With respect to Marshall's Aggravated Assault conviction, the Government acknowledges that application of this Court's holding in Bennett v. United States, No. 1:16-cv-251-GZS, 2016 WL 3676145 (D. Me. July 6, 2016) would result in a finding that this conviction no longer categorically qualifies as a violent felony under the force clause.[1] See id. at *2-*4 (holding that Maine's aggravated assault statute "cannot categorically satisfy the force clause such that all Maine convictions for aggravated assault qualify as violent felonies under ACCA"); see also Taylor v. United States, No. 1:16-cv-298-GZS, 2016 WL 444665 (D. Me. Aug. 23, 2016) (applying Bennett).

The Shepard-approved documents provided to the Court that relate to the 1990 Aggravated Assault conviction likewise do not allow this Court to find that this conviction qualifies as a violent felony under 18 U.S.C. § 924(e)(2)(B). Rather, the indictment only elucidates that Marshall was charged with aggravated assault of two separate victims because he "did intentionally, knowingly or recklessly cause bodily injury . . . with use of a dangerous weapon, to wit, a rock." (See Ex. A (ECF No. 13-1).) This disjunctively pled mens rea allows for the possibility that Marshall's aggravated assault charges were the result of reckless rock throwing, which would appear to fall into the category of "'crimes which, though dangerous, are not typically committed by those whom one normally labels "armed career criminals."'" United States v. Castelman, 134 S. Ct.

---

[1] The Court recognizes that the Government maintains and preserves its objection to this Court's Bennett decision, which is currently on appeal. See Gov't Response (ECF No. 20) at 6.

1405, 1412 (2014) (quoting Begay v. United States, 553 U.S. 137, 146 (2008));  see also Bennett, 2016 WL 3676145, at *4.

The end result is that Marshall has only two ACCA-qualifying burglary convictions and, post-Johnson, does not meet the requirements for sentencing under ACCA.  Concluding that Marshall no longer qualifies for sentencing under ACCA, the Court hereby GRANTS Marshall's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 and ORDERS that Marshall be resentenced under 18 U.S.C. § 922(g)(1).  By no later than September 22, 2016, the parties shall file any sentencing recommendation and/or indicate to the Court whether Marshall waives his right to appear for resentencing.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 12th day of September, 2016.

3